[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12704
Non-Argument Calendar

_____

D. C. Docket No. 07-00116-CV-ORL-31-DAB

JULIA MCCAIN LAMPKIN-ASAM,
Ph.D., J.D.,

Plaintiff-Appellant,

versus

VOLUSIA COUNTY SCHOOL BOARD,
JUDY ANDERSON, Chairman,
Volusia County School Board,
DR. MARGARET A. SMITH, Superintendent
of Schools, Volusia County School Board,
TAMARA E. WENZEL, Esquire at Smith, Hood,
Perkins, Loucks, Stout, Bigman, Lane and
Brock, P.A., attorneys for Volusia
County School Board,
MARK CORRUTHERS, Assistant Principal, Deltona
Middle School, Volusia County School Board,
DR. MICHAEL GEBEL,
DR. BRUCE HOFFEN,
UNITED SELF INSURED SERVICES, CEO, USIS,
SUZANNE EVANS, R.N., USIS,
DR. AL WILLIAMS, Chairman, Volusia
County School Board,

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 9, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Julia McCain Lampkin-Asam appeals the district court's <u>sua sponte</u>

dismissal of her second amended complaint for violating the command of Federal

Rule of Civil Procedure 8(a)(2) that her complaint contain "a short and plain

statement of the claim[s] showing that [she] is entitled to relief."  Lampkin-Asam

contends that her complaint complied with Rule 8 and that the district court held

her to an excessively high standard, as she is a <u>pro se</u> litigant.

**I.**

Lampkin-Asam is, according to her complaint, a substitute teacher, a "cancer

scientist," and a former attorney.[1]  In her second amended complaint, which sought

relief under 42 U.S.C. § 1983, Lampkin-Asam alleged that, while she was a

---

[1] Lampkin-Asam is a former member of the Alabama State Bar.  <u>See</u> <u>Asam v. Alabama State Bar</u>, 675 So. 2d 866, 878 (Ala. 1996).

2

substitute math teacher at Deltona Middle School, a student came up behind her and hit her in the back of the head with a weapon, causing permanent damage to her head and body. She named several defendants, including: (1) the Volusia County School Board; (2) Dr. Margaret Smith, the superintendent of the School Board; (3) Tamara Wenzel, an attorney for the School Board; (4) Mark Corruthers, the assistant principal of Deltona Middle School; (5) Dr. Michael Gebel; (6) Dr. Bruce Hoffen; (7) United Self Insured Services (USIS); and (8) Suzanne Evans, a nurse with USIS. The complaint alleged, among other things, that those defendants violated her Fourteenth Amendment due process rights.

Before dismissing Lampkin-Aram's second amended complaint, the district court had dismissed two prior versions of the complaint for violating Rule 8. The first time, the defendants moved to dismiss her complaint, asserting that it was so full of "incomprehensible allegations" that it was impossible to formulate an answer. In dismissing Lampkin-Asam's initial complaint, the district court agreed with the defendants, and observed that the complaint was "disjointed, repetitive, disorganized and barely comprehensible." The district court also noted that because the complaint grouped several claims under each "count," it was not possible to "decipher which claims [were] brought against which parties under which counts." The district court dismissed that complaint without prejudice,

3

giving Lampkin-Asam twenty days to file an amended complaint.

She re-filed her complaint, adding additional "counts" and "claims," but in the district court's estimation, she again failed to comply with Rule 8. The court characterized that first amended complaint as a "shotgun pleading," and concluded that it was still "disjointed, repetitive, disorganized, and barely comprehensible." Accordingly, the district court dismissed it, giving her twenty days to exercise a "final chance" to re-plead.

Lampkin-Asam took advantage of the opportunity to re-plead her complaint again. Her second amended complaint contained six "counts," each comprised of various "claims." Almost every "count" began with the phrase "Volusia County School Board is liable," followed by a string of factual allegations. Five of the named defendants were not mentioned at all in any of the counts and claims. The complaint also included seventeen pages of numbered paragraphs, each containing scattered and sometimes inconsistent references to the counts and claims presented at the beginning of the complaint. In its order addressing her second amended complaint, the district court described it as a "labyrinth of claims, counts, accusations and repetition." Because the court concluded that Lampkin-Asam had once again failed to comply with Rule 8, and because the court had warned her that her second amended complaint would be her last, it dismissed her second amended

complaint with prejudice.  Lampkin-Asam appealed.

## II.

We review de novo the district court's order dismissing Lampkin-Asam's complaint.  See Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005).  While "a trial judge is to employ less stringent standards in assessing pro se pleadings . . . than would be used to judge the final product of lawyers," Hepperle v. Johnston, 544 F.2d 201, 202 (5th Cir. 1976),[2] this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings,  GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  In fact, we have recently observed that district courts have a "supervisory obligation," under Rule 12(e), to sua sponte direct a plaintiff to better plead his complaint "when a shotgun complaint fails to adequately link a cause of action to its factual predicates." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1128–29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

After our own review of Lumpkin-Asam's second amended complaint, we agree with the district court that it is confusing, incoherent, and clogged with seemingly irrelevant factual allegations. In it, Lampkin-Asam alleges the same facts repeatedly, and much of it is devoted to matters entirely outside the scope of this action. Because Lampkin-Asam failed to set forth in her second amended complaint a "short and plain statement of [her] claim" showing that she was entitled to relief, it does not pass muster under Rule 8. The district court provided Lampkin-Asam with two opportunities to correct this problem, and because she failed to do so, dismissal with prejudice was appropriate.

Lampkin-Asam's contention that the district court held her to a higher standard than a typical pro se plaintiff because she is a former attorney is of no moment. The district court gave her two opportunities to amend her complaint, and she failed to correct the deficiencies in it. Such leniency would have been

6

sufficient even if Lumpkin-Asam was a typical pro se litigant, which she is not. Cf. Freidlander v. Nims, 755 F.2d 810, 811–12, 813–14 (11th Cir. 1985) (concluding that dismissal with prejudice was appropriate where the district court gave "specific and repeated warnings," which went ignored by the plaintiff, that the complaint required amendment). Moreover, even if the district court had held Lampkin-Asam to a higher standard, we would not reverse. We give a "liberal" reading to pro se filings because those litigants lack formal legal training. See GJR Invs., 132 F.3d at 1369 ("Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."). Lampkin-Asam, as a former attorney and person who possess formal legal training, should have been able to draft a complaint that complies with Rule 8.

**AFFIRMED.**