[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13989
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-24355-CMA

JOEL D. JOSEPH,

Plaintiff-Appellant,

versus

RICHARD S. BERNSTEIN,
RICHARD S. BERNSTEIN AND ASSOCIATES, INC.,
AMERICAN GENERAL LIFE INSURANCE COMPANIES LLC,
AMERICAN INTERNATIONAL GROUP, INC.,
AMERICAN GENERAL ASSURANCE COMPANY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Joel D. Joseph, proceeding pro se, appeals the district court's order dismissing his complaint filed pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962, 1964; the Florida Unfair Insurance Trade Practices Act (UITPA), Fla. Stat. § 626.9541; and the Florida Adult Protective Services Act (APSA), Fla. Stat. § 415.1111.[1]

Joseph raises several issues on appeal. As a general matter, Joseph argues that the district court erred in determining that his complaint did not meet requisite pleading standards. He also challenges the district court's determinations with regard to his specific claims, including the district court's holding that he failed to allege sufficient predicate acts to state a RICO claim. Next, he argues that the district court erred by dismissing his UITPA and APSA claims based on its determination that he did not have a private cause of action under either statute and that, even if he did, his claims were barred by the statute of limitations. He further contends that the district court provided him with insufficient time to amend his complaint in the first instance and should have permitted further amendment of his complaint after dismissing the claims in his first amended complaint.

---

[1] Joseph failed to challenge the district court's dismissal of his Florida common law fraud claims, and any appeal thereof is deemed abandoned. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (noting that if an appellant does not present a legal claim or argument in his initial brief, that argument is deemed abandoned); *see also* Fed. R. App. P. 28(a)(5).

After considering the parties' briefs and conducting a de novo review of the record on appeal, we conclude that Joseph has failed to raise any issues warranting reversal, and we affirm the district court.

## I.

In 2013, Joseph filed a pro se diversity complaint against two insurance brokers and three insurance companies (collectively, Defendants).[2] Joseph contended that Defendants fraudulently sold a life insurance policy to his father, Harold Joseph (Harold), who was 70 years of age and suffering from Alzheimer's disease at the time he purchased the policy from Defendants in 1993. According to Joseph, Harold was pressured into buying a life insurance policy that he did not understand, and he was vulnerable to persuasion because of his illness and advanced age.

The complaint alleged that Defendants' actions constituted misrepresentation of the terms of an insurance policy, in violation of UITPA; exploitation of a vulnerable adult, in violation of APSA; and common law fraud. Joseph averred he personally suffered damages as one of the named beneficiaries of this policy after Harold passed away on January 29, 2009, because the beneficiaries have not been paid and the value of the insurance policy has

---

[2] Defendants are Richard S. Bernstein and Richard S. Bernstein and Associates, Inc. (the insurance brokers) and American General Life Insurance Companies, LLC, American International Group, Inc., and American General Assurance Company, Inc. (the insurance companies).

3

substantially diminished.  Defendants moved to dismiss, arguing that dismissal was appropriate for a litany of reasons, including that Joseph was not the real party in interest; he did not possess a private, civil remedy under UITPA or APSA; his claims were barred by the statute of limitations; and his complaint was not pled with sufficient particularity to state a claim upon which relief could be granted.[3]

The district court initially granted Defendants' motions to dismiss, dismissing Joseph's suit without prejudice.  In so doing, the district court noted that there were several pleading deficiencies in Joseph's complaint, each of which warranted dismissal.  Joseph's complaint violated Federal Rule of Civil Procedure 10(b) by engaging in a "shotgun" style of pleading, whereby each count incorporated by reference the allegations of prior counts, resulting in many counts containing irrelevant factual allegations.  Further, the complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all Defendants together without explaining the factual basis for each of the Defendants' liability.

Turning to the merits of Joseph's claims, the district court discussed Joseph's allegations in more detail, concluding that Joseph failed to state a claim upon which relief could be granted with respect to his causes of action under

---

[3] American General Life Insurance Company, American General Assurance Company, and American International Group, Inc. filed a motion to dismiss collectively, and Richard Bernstein and Richard Bernstein and Associates, Inc. filed a second motion to dismiss.

UITPA and APSA and that the actions were likely time barred.  The district court also determined that Joseph's common law fraud action was absolutely barred by Florida's statute of repose.  The district court issued its order on April 21, 2014, but the court allowed Joseph until May 2 to file an amended complaint.

Joseph filed his amended complaint on April 28, 2014.  In addition to reasserting his original claims under UITPA, APSA, and the common law of fraud, Joseph's amended complaint stated two additional causes of action for violations of RICO.

Defendants filed a consolidated motion to dismiss the amended complaint, contending that, because Joseph's amended complaint simply re-pled the allegations of his first complaint without curing any of the original complaint's deficiencies, his renewed claims under UITPA, APSA, and the common law of fraud were subject to dismissal for the same reasons outlined by the district court in its earlier order.  Defendants also averred that the amended complaint failed to state a cause of action under RICO because, among other deficiencies, it did not allege the requisite predicate acts to support RICO liability and was not pled with sufficient specificity to meet the heightened pleading requirements.

After considering a response filed by Joseph in opposition to Defendants' motion to dismiss as well as a consolidated reply filed by Defendants, the district court dismissed Joseph's amended complaint with prejudice on August 19, 2014.

In its order, the district court determined that the applicable Rules of Civil Procedure governing the sufficiency of pleadings had not been met, even though the district court treated Joseph as a typical pro se plaintiff and construed his pleadings liberally. The court found that Joseph's RICO claims were not pled with the required specificity of Rule 9(b) of the Federal Rules of Civil Procedure and failed to articulate the factual basis for each defendant's liability as required by Rule 8. Additionally, Joseph failed to establish a cause of action under RICO, as he did not sufficiently allege statutorily required predicate acts and failed to demonstrate that Defendants' alleged RICO violations proximately caused his injury.

Noting that Joseph's amended complaint essentially re-pled the allegations in his original complaint with respect to all other claims, the district court incorporated its previous order, dismissing Joseph's complaint with respect to those claims. The court also rejected each of Joseph's arguments related to tolling or extending the limitations period and determined as an independent basis for dismissal that Joseph's claims were time barred.

Finally, the district court clarified that its dismissal was final, and Joseph would not be allowed further opportunity to amend his complaint. In so doing, the court noted that it already provided Joseph with one opportunity to amend his claims, and, in any event, amendment would be futile. This appeal ensued.

**II.**

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Thus, we view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *See id.* In order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Conclusory allegations and bare legal conclusions are insufficient to preclude dismissal. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is also subject to dismissal "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks omitted).

When a district court judgment is based upon multiple, independent grounds, an appellant must convince the appellate court that each enumerated ground for the judgment is incorrect before reversal is appropriate. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant fails to clearly identify and challenge in his initial brief one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge to that ground, and we will affirm the district court's judgment. *Id.*

**III.**

## A. Pleading Deficiencies

The district court recognized numerous independent grounds for dismissing Joseph's claims. Foremost among them was Joseph's failure to comply with requisite pleading standards, which the district court identified in its first order and which Joseph failed to rectify when permitted to amend his complaint. Although pro se pleadings are to be liberally construed and are held to a less stringent standard than pleadings drafted by attorneys, a pro se litigant must still follow procedural rules.[4] *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Here, although Joseph attempted to re-plead the UITPA and APSA claims raised in his initial complaint, he did so without curing the deficiencies the district court explicitly identified in its April 21 order and further repeated the same deficiencies with regard to the RICO claims added in the amended complaint.

First, Rule 10(b) requires that the averments of a claim be made in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The requirements of Rule 10(b) are

---

[4] As an initial matter, we note that the district court treated Joseph as a typical pro se litigant and construed his pleadings liberally. Because we find that the district court is due to be affirmed even with a permissive reading of Joseph's pleadings, we do not reach the issue of whether Joseph's pleadings should in fact be held to the more stringent attorney standard due to Joseph's status as a former attorney who received formal legal training. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (noting that pro se litigants' pleadings receive more liberal construction than "pleadings drafted by attorneys"); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (observing that, as a former attorney, the appellant was not a "typical" pro se litigant).

violated by the filing of a "shotgun complaint," which is a complaint containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun-style pleadings have been "explicitly condemned" by this court. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008),

Here, Joseph's complaint fails to meet the requirements of Rule 10(b). Initially, as noted by the district court, each count incorporated all of the preceding paragraphs of the complaint, including those contained in other counts, regardless of whether the factual allegations had any bearing on the claims. The amended complaint, rather than addressing this deficiency, instead failed to incorporate any specific factual allegations into his claims. Thus, the claims presumably all refer to the same general factual allegations, with no clear connection thereto or application thereof. This makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Second, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint indiscriminately groups the defendants together, it fails to comply with the

9

minimum standard of Rule 8.  Here, the amended complaint failed to satisfy Rule 8; Joseph's claims "indiscriminately lump[ed] all five Defendants together," without articulating the factual basis for each Defendant's liability.  The complaint generally accuses all five Defendants of the acts complained of as bases for the causes of action.

Third, Joseph's claims of fraud, which, as relevant to this appeal, include the RICO claims, did not comply with the heightened pleading standard of Rule 9(b).  *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (noting that civil RICO claims "are essentially a certain breed of fraud claims" and thus must comply with Rule 9(b)).  Joseph's allegations of fraud plainly failed to "plead the who, what, when, where, and how of the allegedly false statements."  *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Joseph's general argument on appeal addressing these pleading deficiencies—that the district court failed to view his amended complaint in the light most favorable to him—is without merit.  Joseph was required to comport with the procedural rules, *see Albra*, 490 F.3d at 829, and furthermore, conclusory allegations and bare legal conclusions are insufficient to preclude dismissal, *see Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188.  Thus, the district court appropriately

determined that Joseph failed to meet the requisite pleading standards in his complaint.

## B.  Additional Grounds for Affirmance

There are also additional, independent grounds for affirming the dismissal of Joseph's claims, notwithstanding the general pleading deficiencies identified that independently support dismissal.

By way of example, Joseph failed to allege a required element—predicate acts of racketeering activity—for his RICO claims.  RICO provides for civil and criminal liability against any person who conducts the affairs of an enterprise through "a pattern of racketeering activity."  *See* 18 U.S.C. §§ 1962(c), 1964.  Establishing a "pattern of racketeering activity" requires at least two predicate acts of racketeering activity.  *See Williams v. Mohawk Indus. Inc.*, 465 F.3d 1277, 1283 (11th Cir. 2006) (per curiam).  As relevant here, this list of predicate acts includes theft from an interstate shipment as defined in 18 U.S.C. § 659 and "fraud in the sale of securities."  *See* 18 U.S.C. § 1961(1).  However, pursuant to § 1964(c), a plaintiff may not rely upon "any conduct that would have been actionable as fraud in the purchase or sale of securities" unless the alleged wrongdoer was criminally convicted in connection with the fraud.

Liberally construing the complaint, we find that Joseph alleged both theft and securities fraud as predicate acts.  However, although theft *from an interstate*

11

*shipment*, as defined in § 659, qualifies as a predicate act for RICO purposes, simple theft is not one of the listed offenses. *See* § 1961(1). Joseph did not claim that the alleged theft involved an interstate shipment. Similarly, Joseph cannot successfully allege securities fraud as a predicate act because § 1964(c) provides that a plaintiff may not rely upon securities fraud as a predicate act unless the defendant was criminally convicted in connection with the fraud. Thus, the district court did not err by dismissing Joseph's RICO claims because he failed to allege qualifying predicate acts of racketeering activity.[5]

There are also independent grounds for affirming the district court's dismissal of Joseph's UITPA and APSA claims. The district court found that the relevant statutes did not provide a cause of action for Joseph's claims and that, even if they did, Joseph's claims were nevertheless time barred. We need only reach the former basis for dismissal to support affirmance.

UITPA provides that it is an unfair or deceptive practice for any person to knowingly "misrepresent[] the benefits, advantages, conditions, or terms of any

---

[5] Joseph also fails to challenge on appeal an independent ground on which the district court relied in dismissing his claims—that Joseph did not allege proximate cause sufficient to state a RICO claim. A plaintiff in a civil RICO action must satisfy the requirements of 18 U.S.C. § 1964(c), meaning that the plaintiff must demonstrate injury to "business or property . . . by reason of the substantive RICO violation." *Williams*, 465 F.3d at 1283 (internal quotation marks omitted). The "by reason of" language requires a plaintiff to demonstrate that the defendant's substantive RICO violation proximately caused the plaintiff's injury. *Id.* at 1287. Because Joseph fails to address the district court's holding dismissing his RICO claim for lack of proximate cause, he is deemed to have abandoned any challenge on that ground, and affirmance is also appropriate for this additional reason. *See Sapuppo*, 739 F.3d at 680.

12

insurance policy." Fla. Stat. § 626.9541(1)(a)(1).  Although the statutory scheme provides a private civil remedy for violations of certain sections of the Act, it does not do so for § 626.9541(1)(a)(1).  *See id.* § 624.155 (authorizing a civil action against an insurer when certain listed subsections are violated).

Even if we liberally construe his complaint, Joseph alleged only that Defendants violated Fla. Stat. § 626.9541(1)(a)(1) by misrepresenting the terms of the life insurance policy they sold to Harold.  Again, Section 626.9541(1)(a)(1) is not one of the enumerated sections for which UITPA provides a private cause of action.  *See* Fla. Stat. § 624.155.  We will not imply a cause of action under UITPA where the courts and legislature of the state of Florida have declined to do so.  *See Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992); *see also Keehn v. Carolina Cas. Ins. Co.*, 758 F.2d 1522, 1522–25 (11th Cir. 1985) (per curiam) (holding that UITPA did not provide plaintiffs with an independent cause of action for violation of its terms).  Accordingly, UITPA does not provide Joseph with a private civil remedy for violation of Fla. Stat. § 626.9541(1)(a)(1).

Similarly, with regard to Joseph's APSA claims, if we liberally construe Joseph's complaint, we may read it to allege that Defendants unlawfully exploited Harold, in violation of APSA, when they sold him an insurance policy in 1993. Although APSA was amended in 1995 to provide a private cause of action, the 1993 version of the Act did not contain any similar provision.  *See* Fla. Stat.

13

§ 415.1111; 1995 Fla. Sess. Law Serv. Ch. 95-418, § 112.  We will not imply a cause of action under the 1993 version of APSA where the courts and legislature of the state of Florida did not do so until 1995.[6]  *See Swerhun*, 979 F.2d at 198.  Thus, Joseph did not possess a private civil remedy under UITPA or APSA, and the district court did not err by dismissing his claims.

## C.  *Leave to Amend the Complaint*

Joseph argues on appeal that he should have been granted more time to amend his original complaint and that the district court erred by only permitting him to amend his complaint once.  We generally review the denial of a motion to amend a complaint for abuse of discretion, but we review underlying questions of law de novo, such as whether amendment of a complaint would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

Here, Joseph did not move to amend his complaint; however, the district court permitted amendment after identifying the deficiencies in Joseph's complaint.  Considering Joseph's amended complaint, the district court noted that the deadline for amending pleadings set forth in the court's scheduling order had long passed; Joseph did not seek additional leave to amend nor did he request an

---

[6] Nor is it clear that the allegations of the complaint would constitute a violation of APSA even as amended.  In 1995, the Florida Legislature amended the APSA to provide that a "vulnerable adult who has been abused, neglected, or exploited" in violation of APSA has a private cause of action against the perpetrator of the abuse.  Fla. Stat. § 415.1111; 1995 Fla. Sess. Law Serv. Ch. 95-418, § 112.  Only "exploitation" could be relevant here, but the definition of exploitation does not directly contemplate an insurance company's sale of an insurance policy, and Joseph has neither alleged nor argued how this definition covers his claims.

14

amendment to the scheduling order; and Joseph had not cured the deficiencies in his original complaint identified by the district court. The district court then found that, in any event, further amendment would be futile and dismissed the complaint with prejudice. We have plenary review of the district court's determination. *See id.*

Rule 15(a) of the Federal Rules of Civil Procedure states that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after the earlier of service of any responsive pleading or service of a Rule 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). The district court "should freely give leave when justice so requires." *Id.* However, where a more carefully drafted complaint could not state a claim and amendment would be futile, dismissal with prejudice is proper. *See Cockrell*, 510 F.3d at 1310.

As an initial matter, Joseph waived any argument related to the district court providing him with insufficient time to amend his complaint in the first instance. *See Tannenbaum*, 148 F.3d at 1263 (noting that, although pro se pleadings are liberally construed, issues not raised before the district court are deemed waived). The district court dismissed Joseph's original complaint on April 21, 2014, allowing him until May 2 to file an amended complaint. Joseph did not object to

15

the district court's scheduling order, nor did he file a motion for extension of time. Thus, by failing to raise the issue before the district court, Joseph is deemed to have waived any challenge on that ground. *See id.*

Further, the district court did not err by dismissing Joseph's amended complaint with prejudice. Joseph does not argue that he could allege any of the required predicate acts under RICO; also, as noted above, Joseph's claims under UITPA and APSA were properly dismissed. On appeal, we have been presented with no compelling argument that Joseph *could* present a complaint that might state a claim upon which relief could be granted. Thus, allowing amendment to re-allege the same violations would be futile; the district court did not err by dismissing the matter with prejudice after determining that further amendment of the complaint would be futile. *See Cockrell*, 510 F.3d at 1310.

Likewise, the record is clear that lesser sanctions would not suffice. Although the district court initially provided Joseph with an opportunity to amend his complaint, and further set forth in significant detail the deficiencies that Joseph needed to address in order to continue with his claims, Joseph did not heed the instruction of the district court. Indeed, as the court noted in its August 19th order, "[a] side-by-side comparison of [Joseph's] initial Complaint and Amended Complaint reveals [Joseph] has made only a few minor revisions and has not cured the flaws present in the previous Complaint." Thus, Joseph's disregard of the

16

district court's directions after having been provided an opportunity to amend and cure the deficiencies supports dismissal with prejudice. *See Friedlander v. Nims*, 755 F.2d 810, 813–14 (11th Cir. 1985).

## IV.

Upon a de novo review of the record and thorough consideration of the parties' briefs, we affirm.

**AFFIRMED.**